**FILED**
**Feb 27, 2023**
**01:28 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| JOSE MENDEZ, | ) | **Docket Number: 2018-02-0214** |
| Employee, | ) | |
| v. | ) | |
| ESKOLA ROOFING, | ) | |
| Employer, | ) | **State File Number: 24741-2018** |
| and | ) | |
| AMERICAN CASUALTY | ) | |
| COMPANY, | ) | |
| Carrier. | ) | **Judge Brian K. Addington** |

_____

## EXPEDITED HEARING ORDER DENYING BENEFITS

_____

Mr. Mendez requested a decision on the record to determine if he is entitled to temporary disability benefits from September 2021 to the present and ongoing. To succeed, Mr. Mendez must show he is likely to prevail at a hearing on the merits in his request for additional temporary disability benefits. Eskola denies he is entitled to the requested benefits. For the reasons below, the Court holds Mr. Mendez is not likely to prevail at a hearing on the merits on the issue of additional temporary disability benefits, and his request is denied.

## Claim History

On April 2, 2018, Mr. Mendez fell from the roof of a building causing multiple injuries. Eskola covered medical treatment with multiple doctors including neurosurgeon Kenneth Smith. In January 2020, Dr. Smith noted that Mr. Mendez's condition did not require surgery and referred him for a neuropsychological evaluation. Mr. Mendez has yet to complete a neuropsychological evaluation due to Covid, communication problems, and Mr. Mendez's refusal to undergo the evaluation.

Mr. Mendez saw Dr. Smith again in May 2022. At that appointment, Dr. Smith's office referred him to pain management for treatment of occipital neuralgia and again to a

1

neuropsychiatrist.[1] Dr. Smith's office note stated, "There are no further recommendations or treatment from this office as you are nonsurgical in nature." But Dr. Smith also wrote that he did not consider Mr. Mendez to be at maximum medical improvement because he had not completed the recommended treatment.

Mr. Mendez selected Dr. Wayne Woodbury from a panel, and his first appointment was in January 2023. Dr. Woodbury diagnosed septal neuralgia and recommended an injection for pain.

Mr. Mendez last received temporary disability benefits in September 2021. He requested benefits from September 2021 through the present and ongoing. He argued he has not reached maximum medical improvement and that Dr. Woodbury's request for an injection represents active treatment of his physical injuries.

Eskola argued that under Tennessee Code Annotated section 50-6-207(1)(E) (2022), Mr. Mendez is only receiving pain management and according to the Workers' Compensation Law is at maximum medical improvement. Thus, he is not eligible for temporary disability benefits.

### Findings of Fact and Conclusions of Law

To be successful, Mr. Mendez must show that he is likely to prevail at a hearing on the merits. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Tennessee Code Annotated section 50-6-207(1)(E) states an employee "shall be conclusively presumed to be at maximum medical improvement when the *treating physician ends all active medical treatment and the only care provided is for treatment of pain or for a mental injury* that arose primarily out of a compensable physical injury." (Emphasis added).

This Court held on February 9, 2022, that Mr. Mendez was conclusively presumed to be at maximum medical improvement under Tennessee Code Annotated section 50-6-207(1)(E) because Dr. Smith stated there was nothing to offer him from a surgical standpoint and referred him to pain management.

Mr. Mendez again requests the Court order temporary disability and asserts that because his pain management doctor ordered an injection, he is receiving active treatment. The Court disagrees.

---

[1] The office note is signed by Carla Cheek, NP, but states that Mr. Mendez was seen by Dr. Smith at the appointment.

While Mr. Mendez may be attending appointments and receiving treatment from a doctor, it is for pain management purposes only. Dr. Woodbury offered the injection to treat Mr. Mendez's pain (headaches). Thus, the Court again finds that Mr. Mendez reached maximum medical improvement when Dr. Smith referred him to pain management. His right to temporary benefits terminated at that time.

**IT IS, ORDERED** as follows:

1. Mr. Mendez's request for temporary benefits is denied.

2. This case is to be set for a Scheduling Hearing. The Court's staff attorney will contact the parties to schedule the hearing within the next sixty days.

**ENTERED February 27, 2023.**

/s/ Brian K. Addington
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**Appendix**

Exhibits:
1. Affidavit of Mr. Mendez
2. Medical record of Dr. Wayne Woodbury
3. Medical record of Dr. Kenneth Smith (January 2020-May 2022)
4. Medical record of Dr. Rachel Lacey

Technical Record:
1. Petition for Benefit Determination
2. Hearing Request
3. Position Statement

**CERTIFICATE OF SERVICE**

I certify that a copy of this order was sent February 27, 2023.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Jose Mendez, Employee | X | | X | jmendez2018.wc@gmail.com<br>112 Boone Street<br>Apt. 2<br>Jonesborough, TN 37659 |
| Richard Clark, Employer's Attorney | | | X | rclark@eraclides.com<br>jenniferdavis@eraclides.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____          ☐ Motion Order filed on _____

☐ Compensation Order filed on_____          ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

**Parties**
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee
Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____
*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*